# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NEHEMIAH ROLLE, JR., <br>     Plaintiff, | Case No. 19-1015 <br> Cole, J. <br> Litkovitz, M.J. |
| vs. | |
| AMY S. BRADDOCK, <br>     Defendant. | **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, proceeding pro se, filed the complaint in this matter on November 26, 2019. (Doc. 1). On January 13, 2020, defendant filed a motion to dismiss the action for failure to state a claim for relief. (Doc. 5). Plaintiff was notified that failure to respond to the motion within 21 days from the date of service set forth in the certificate of service may warrant dismissal of the case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 7). Plaintiff requested and was granted an extension of time until March 10, 2020 to respond to the motion to dismiss. (Doc. 11). Plaintiff failed to file a timely response. On March 30, 2020, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 12). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962)). Plaintiff's failure to respond to defendant's motion to dismiss and to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Date:  4/20/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,                     Case No. 19-1015
     Plaintiff,                                  Cole, J.
                                               Litkovitz, M.J.
     vs.

AMY S. BRADDOCK,
     Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3