UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

v.

AMY BRADDOCK,

    Defendant.

Case No. 1:19-cv-1015
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

This cause is before the Court on Nehemiah Rolle's Objections (Doc. 16) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 13), in which the Magistrate Judge recommends that the Court dismiss Rolle's Complaint for failure to prosecute. For the reasons below, the Court **OVERRULES** Rolle's Objections and **ADOPTS** the Magistrate Judge's R&R.

## BACKGROUND

On April 21, 2019, Rolle received two traffic citations, one for speeding and one for failing to wear a seatbelt. The Morrow County Municipal Court found Rolle guilty of the speeding violation and dismissed the seatbelt violation. Rolle has since filed three appeals in state court, two of which Ohio courts of appeals have dismissed for lack of jurisdiction, and one of which is still pending.

This case is one in a series of cases that Rolle has since filed against the state court judges and court administrators who were involved in both the municipal court and state appellate court proceedings. Rolle's litigation stems from his displeasure

1

with the way those officials acted in performing their duties in connection with Rolle's proceedings. *See, e.g.*, *Rolle v. Cooper*, No. 1:20-cv-735, 2021 WL 2587234 (S.D. Ohio June 24, 2021) (suing Administrator for the Fifth District Court of Appeals for Ohio); *Rolle v. Burnaugh*, No. 1:19-cv-821, 2020 WL 3036066 (S.D. Ohio June 5, 2020) (suing state municipal court judge).

Defendant Amy Braddock serves as the Clerk of the Morrow County Municipal Court. In this action, Rolle appears to assert claims against Braddock under 42 U.S.C. §§ 1983, 1985, and 1988.[1] Rolle alleges that Braddock, motivated by a discriminatory animus, "refused to give [Rolle's] legal papers [to the Morrow County Municipal] Court" during the pendency of his traffic case. (Compl., Doc. 1, #5). If the Municipal Court had seen those papers, Rolle contends, that "would have [necessitated] the dismissal of these false and unlawful and unjust and fraudulent alleged simplified traffic information accusations (traffic tickets)." (*Id.*). Based on these allegations, Rolle seeks $100 million in compensatory damages and an additional $25 million in punitive damages. (*Id.* at #6, 8).

Braddock moved to dismiss on January 13, 2020. (Doc. 5). On February 10, 2020, Rolle moved for an extension of time to respond, requesting that his response be due on or before March 10, 2020. (Doc. 10). The Magistrate Judge granted that motion. (Doc. 11). Rolle's requested date came and went, though, with Rolle filing no opposition. On March 30, 2020, having heard nothing further from Rolle, the Magistrate Judge entered an Order to Show Cause instructing Rolle to file, within

---

[1] The Court says "appears" because Rolle's Complaint is not the model of clarity.

2

fifteen days, a written explanation of why the matter should not be dismissed for want of prosecution. (Doc. 12). Rolle declined to comply with that instruction. Accordingly, on April 20, 2020, the Magistrate Judge issued the instant Report & Recommendation recommending that the Court dismiss the case for failure to prosecute. (R&R, Doc. 13).

Separately, the R&R informed Rolle that he had until May 4, 2020, to file objections, if any, to the R&R. (*Id.* at #86). Rolle declined to file any objections as of that date. A week later, though, on May 11, 2020, he moved for an extension of the now-lapsed period, requesting that the Court grant leave "until May 29, 2020," to file his objections, citing certain health concerns. (Doc. 15). Given his status as a pro se litigant, the Court granted the untimely motion, and provided Rolle leave until June 12, 2020 (i.e., even more time than he had requested), in which to file his objections. (5/13/2020 Notation Order). As with the various other dates cited above, though, that date passed with no word from Rolle. Instead, Rolle contacted chambers on June 15, 2020, to inform the Court that he had been in the hospital, and that his objections would be filed within the next few days.

On June 16, 2020, Rolle filed his objections. (Obj., Doc. 16). Six days later, on June 22, 2020, Braddock filed a response to those objections. (Resp., Doc. 17). The matter is now pending before the Court.

## LAW AND ANALYSIS

When reviewing a magistrate judge's report and recommendation, "[a] judge … shall make a de novo determination of those portions of the report or specified

3

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). If a petitioner fails to object, the district court need not "review a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Similarly, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec. of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This is because a general objection fails to focus the district court's attention "on any specific issues of review, thereby making the initial reference to the magistrate useless." *Id*. The Sixth Circuit has opined that it "would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error," and there is no reason why a party should be able "to do the same to the district court reviewing the magistrate's report." *Id*.

The Sixth Circuit has reiterated this principle time and again. *See, e.g.*, *Agostini v. Collins*, No. 20-3028, 2020 WL 3815671, at *2 (6th Cir. June 15, 2020) (Thapar, J.) (noting a litigant must "file specific and timely objections to a magistrate judge's report in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report"); *Mensah v. Mich. Dep't of Corr.*, 513 F. App'x 537, 538 (6th Cir. 2013) (explaining the consequences of failing to file specific objections).

Rolle's objections fail under this framework for two reasons. First, Rolle's objections are untimely. He not only missed the original deadline for objecting to the

4

R&R but, when the Court granted his untimely request for an extension of time to object, he missed that deadline, as well.

But even putting aside Rolle's untimeliness, his objections suffer from a fatal defect—they fail to dispute in any meaningful way the legal basis on which the R&R rests. More specifically, in the R&R, the Magistrate Judge did not analyze and reject *the merits* of Rolle's claims. Rather, she found that Rolle had *failed to prosecute* his claims, and that dismissal was warranted on those grounds. And, importantly, the Magistrate Judge made that finding only after she had offered Rolle an opportunity to show cause why his earlier failure to comply with a deadline (a deadline, it must be noted, that Rolle himself had requested) should not lead to such a default. But, having failed to meet the earlier deadline, Rolle also failed to comply with the Order to Show Cause deadline. Accordingly, the Magistrate Judge recommended dismissal, as she had warned she would. Thus, Rolle's objections needed to respond to Rolle's failure to prosecute, which served as the legal basis for the Magistrate Judge's decision.

But Rolle's objections do not meaningfully address this issue. Rather, Rolle's objections merely reargue the merits of the underlying legal claims that he made in the suit, dressed up with unsupported allegations that the Magistrate Judge's alleged racial hostility toward him led her to dismiss his claims.[2] The closest Rolle comes to

---

[2] For example, Rolle contends that the Magistrate Judge's alleged bias led her to "unlawfully and fraudulently aid and abet the Defendant Amy S. Braddock." (Obj., Doc. 16, #104). He offers no factual support for this allegation beyond the fact that the Magistrate Judge recommended dismissal of his claim for failure to prosecute after he twice neglected to comply with the deadlines in this case. The Court specifically finds that Rolle's unsupported allegations of this nature are not well taken. Given Rolle's status as pro se litigant, the Court

5

addressing the failure-to-prosecute issue is to assert that he notified the Court that he had become ill "just prior to March 3, 2020 and was seriously impacted by the Corona Virus." (Obj., Doc. 16, #102). But Rolle offers no proof of that fact, nor any suggestion as to how long, if at all, that alleged illness prevented him from working on this matter, nor any indication of the efforts, if any, that he took to advise the Magistrate Judge, after the March 30, 2020, Show Cause Order, of the alleged state of his affairs.

In fairness, Rolle does provide some additional details regarding his alleged medical condition in his motion for an extension of time to object, which he filed in this Court on May 11, 2020. (Doc. 15). But even there, any discussion of the how that alleged illness affected Rolle's failure to prosecute is entirely absent.

In short, based on the information that Rolle has placed before the Court, the Court agrees that the Magistrate Judge correctly recommended that Rolle's claims be dismissed for his failure to prosecute. Those portions of Rolle's objections directed to the alleged merits of his claims miss the point, as they do nothing to identify the "source of the [alleged] error" in the Magistrate Judge's actual decision. *Howard*, 932 F.2d at 509. And those (very limited) portions of his objections directed to the actual issue—his failure to prosecute—do not dissuade the Court from its view that dismissal for failure to prosecute is warranted. The judicial system requires that

---

declines to issue an Order to show cause under Fed. R. Civ. P. 11(c)(3), but the Court urges Rolle to carefully review the obligations that Rule 11 imposes on litigants, even pro se litigants, and to remain mindful of such obligations (and the potential consequences for failing to comply with those obligations) for any future filings he may choose to make in federal court, whether in this matter or another.

6

parties comply with deadlines that the Court sets. Rolle not only missed the deadline he requested, but then also missed the deadline for explaining his failure to miss the deadline. What is more, he missed the deadline for objecting to the R&R, and, when offered a new deadline at his request, missed that deadline, as well. Even accounting for Rolle's status as a pro se litigant, the conduct does not reflect a good-faith effort to comply with the claim-processing requirements that are a necessary aspect of efficiently operating a judicial system that handles over 300,000 new civil filings per year.[3]

While Rolle's failure to prosecute is a sufficient basis for adopting the R&R, given his status as a pro se litigant, the Court also undertook a quick look at the merits of Rolle's claims. That review confirms that dismissal for failure to prosecute, as the Magistrate Judge recommended, will not deprive Rolle of any potentially meritorious claims. As noted above, Rolle sued Braddock in her capacity as Clerk of the Morrow County Municipal Court. And, as Braddock observed in her Motion to Dismiss (Doc. 5), the conduct forming the basis for Rolle's claims appears to be Braddock's alleged failure to "forward [Rolle's] motions and legal papers … to this high state Court." (Compl., Doc. 1, #5; *see also id.* at #3 (alleging that Braddock willfully and intentionally "conceal[ed] legal papers of Plaintiff")). But absolute "quasi-judicial immunity" protects court officers, such as a clerk, "when performing judicial functions." *Saum v. Savage*, No. 2:13-CV-872, 2014 WL 2105010, at *4 (S.D.

---

[3] *See Federal Judicial Caseload Statistics 2020*, UNITED STATES COURTS, https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2020 (reporting that there were 332,732 new civil cases, and a total (including criminal matters) of 425,945 new cases, filed in U.S. District Courts in 2020) (last visited August 3, 2021).

Ohio. July 7, 2014). And the category "judicial functions" extends to allegations that "a clerk files or refuses to file a document with the court," *Harris v. Suter*, 3 F. Appx. 365, 366 (6th Cir. 2001) (per curiam), at least so long as the clerk's act was not done "in the complete absence of jurisdiction," *see Leppla v. Kagel*, No. 3:19-cv-2487, 2020 WL 5106841, at *3 (N.D. Ohio Aug. 31, 2020). Here, there is no allegation that the Municipal Court lacked jurisdiction over Rolle's traffic citations. Thus, based on the allegations in the Complaint, Braddock is entitled to absolute immunity. Accordingly, even had Rolle not repeatedly failed to comply with the deadlines in this matter, the end result would have been the same.

## CONCLUSION

Accordingly, the Court **OVERRULES** Rolle's Objections (Doc. 16), **ADOPTS** the R&R (Doc. 13), and dismisses this matter for Rolle's failure to prosecute. The Court also **DISMISSES** Braddock's Motion to Dismiss (Doc. 5), and Motion to Stay Discovery (Doc. 6), **AS MOOT**. Finally, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

August 4, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

8